UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRIAN DAVIS, | ) |
|     Plaintiff, | ) ) ) Cause No. 2:23-cv-108 |
| vs. | ) ) |
| FRONTIERSMEN, INC. | ) ) |
|     Defendant. | ) |

**BRIEF IN SUPPORT OF MOTION TO STAY DISCOVERY**

Defendant Frontiersmen, Inc. ("Frontiersmen"), by counsel, submits its Brief in Support of its Motion to Stay Discovery.

**Introduction**

In July 2020, Plaintiff Brian Davis ("Davis") and Frontiersmen entered a "Confidential Employment, Non-Competition, Non-Disclosure and Non-Solicitation Agreement" (the "Contract") relating to Davis' employment relationship with Frontiersmen. Davis has since resigned and filed a complaint for damages in federal court asserting various claims related to the Contract. Frontiersmen has moved to dismiss this complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, alternatively, the doctrine of *forum non conveniens*, because Davis filed suit in the wrong forum.

A threshold issue exists here regarding the determination of forum and venue, and this Court should stay discovery until the issue is resolved. The Contract includes a "*prima facie* valid" forum selection clause in which the parties pre-selected Newton County, Indiana, as the "only" and "exclusive[ ]" forum and venue for any disputes. *See Van Den Biggelaar v. Wagner*, 978 F.Supp.848, 854 (N.D. Ind. Sept. 25, 1997). (*See* Complaint, Ex. A, § 7.2.) The forum selection clause's plain language is conclusive of the Parties' intent to bring their disputes in the state courts

located in Newton County, Indiana, only. *See Oxford Fin. Grp., Ltd. v. Evans*, 795 N.E.2d 1135, 1142 (Ind. Ct. App. 2003).

Because Frontiersmen's motion to dismiss raises a "threshold issue" of determining proper forum and venue under the Parties' agreement, this Court should exercise its broad discretion and stay discovery until it has adjudicated Frontiersmen's Motion to Dismiss.

**Legal Standard**

District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). They may stay discovery through an exercise of their inherent authority to manage litigation or through their authority under Federal Rule of Civil Procedure 26(c). The party seeking a stay of discovery has the burden of showing good cause for why the court should exercise its discretion in staying the case. *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009). The good cause determination encompasses whether: (1) the stay will prejudice the non-movant, (2) the stay will simplify the issues in the case, and (3) the stay will reduce the burden of litigation for the parties or the court. *See Selective Ins. Co. of Am. v. Smiley Body Shop, Inc.*, 2016 WL 6277618, at *4 (S.D. Ind. Oct. 27, 2016).

"Courts have long exercised that discretion to stay discovery after a timely filed motion to dismiss." *Dillinger, L.L.C. v. Elec. Arts, Inc.*, 2010 WL 1945739, at *1 (S.D. Ind. May 11, 2010). And this is especially true, "where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity . . . ." *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008). And while there is no automatic right to a stay upon the filing of a motion to dismiss, courts are more apt to stay discovery where certain threshold issues can be resolved efficiently prior to expensive discovery. *See SK Hand Tool Corporation v. Dresser Industries,* 852 F.2d 936, 945 (7th Cir. 1988); *see also Nexstar Broadcasting, Inc. v. Granite*

*Broadcasting Corp.*, 2011 WL 4345432, at *2 (N.D. Ind. Sept. 15, 2011) ("A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue….").

**Argument**

A stay of discovery is appropriate here for four reasons. First, a stay will not prejudice Davis because the forum and venue issues raised in Frontiersmen's Motion to Dismiss can be resolved without discovery and as a matter of law. Whether forum and venue are proper in this Court can be resolved by looking to the Contract, state and federal law, and cases interpreting forum selection clauses. Discovery from Frontiersmen will contribute nothing for purposes of this analysis. *See Duneland Dialysis LLC v. Anthem Ins. Cos. Inc.*, 2010 WL 1418392, at *2 (N.D. Ind. April 6, 2010) ("A stay of discovery is appropriate where … ongoing discovery 'is unlikely to produce facts necessary to defeat the motion….").

Second, judicial economy is served by awaiting resolution of the Motion to Dismiss before permitting wide-ranging discovery. A stay will reduce the burden and expense of litigation for the parties and the Court. *See Selective Ins. Co. of Am.*, 2016 WL 6277618, at *4. Davis has already acknowledged that northern Indiana, generally, is a convenient forum for him. And he will be hard-pressed to challenge the convenience of Newton County, where Frontiersmen's principal place of business is located. Moreover, if the Court grants the Motion to Dismiss, this case will be resolved in a different court, which reduces the burden on this Court. Notably, the other court is part of a separate sovereign—the State of Indiana—which has its own rules and procedures. Frontiersmen's bargain with Davis for an exclusive state-court venue includes an agreement to state-court

3

discovery rules and standards, and requiring Frontiersmen to engage in discovery in the court of the federal sovereign prejudices that bargain.

Third and relatedly, the stay is necessary to protect Frontiersmen's benefit of the bargain. Davis contractually agreed to bring this action in state court. By bargaining for an exclusive forum and venue in state court in Newton County, Indiana, Frontiersmen bargained for this action being resolved in the community in which its principal place of business is located (*see* Complaint ¶ 13) and in a local Circuit or Superior court before a Newton county-based jury. Frontiersmen should not be denied the benefit of the bargain the parties freely struck when they entered into the Contract. *See Close Armstrong, LLC v. Trunkline Gas Co., LLC*, 2023 WL 2734080, at *8 (N.D. Ind. Mar. 31, 2023) ("Parties in Indiana enjoy the freedom to contract, so the court presumes that the contracts here reflect their freely bargained agreement."). Requiring Frontiersmen to proceed in this Court while the Motion to Dismiss is pending imposes a cost on Frontiersmen—litigating in a forum different than the one to which the parties agreed—that cannot be repaid.

Finally, this case is in its infancy. The initial pretrial conference is set for May 25, 2023, so as of this filing there is no controlling case management order. Staying discovery pending resolution of the Motion to Dismiss will allow the Court to resolve the threshold forum and venue issue before the case proceeds, and the time spent resolving that issue will not prejudice any party.

## Conclusion

Good cause exists for the Court to exercise its broad discretion and grant Frontiersmen's Motion to Stay Discovery. There is no evidence that a stay will unduly prejudice Davis but will prejudice Frontiersmen's interest in having this action heard by the state courts located in Newton

County; and a stay of discovery will reduce the litigation burden on the parties and on this Court, as well as preserve the bargain made by the parties.

                                        Respectfully submitted,

                                        */s/ Wandini B. Riggins*
                                        Andrew McNeil (#19140-49)
                                        Wandini Riggins (#26030-49)
                                        BOSE MCKINNEY & EVANS LLP
                                        111 Monument Circle, Suite 2700
                                        Indianapolis, IN 46204
                                        (317) 684-5000
                                        Fax: (317) 684-5173
                                        amcneil@boselaw.com
                                        wriggins@boselaw.com

                                        *Attorneys for Defendant Frontiersmen, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 18, 2023, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      Jackie S. Gessner
      Tessa A. Steffins
      Gutwein Law
      300 N Meridian Street, Suite 1650
      Indianapolis, Indiana 46204

                                        */s/ Wandini B. Riggins*
                                        Wandini B. Riggins

4578387