UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 2:23-CV-108-PPS-JPK |
| | ) |
| FRONTIERSMEN, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Motion To Stay Discovery filed by Defendant Frontiersmen, Inc. [DE 18]. Defendant has moved to dismiss this litigation, arguing that the parties contractually agreed to litigate any disputes between them in the Circuit or Superior Court in Newton County, Indiana. Defendant's motion to dismiss has been fully briefed. The current motion seeks to stay discovery until a ruling is made on the motion to dismiss. For the reasons below, Defendant's motion is denied.

The Court has "broad discretion over discovery matters." *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016). The applicable standard is set out in *E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, No. 2:11 CV 265, 2012 WL 3138108 (N.D. Ind. Aug. 1, 2012):

> A court has incidental power to stay proceedings, which stems from its inherent power to manage its docket. The decision to grant a stay is committed to the sound discretion of the court and must be exercised consistent with principles of fairness and judicial economy. Courts often consider the following factors when deciding whether to stay an action: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. The general test for imposing a stay requires the court to balance interests favoring a stay against interests frustrated by the action in light of the court's paramount obligation to exercise

> jurisdiction timely in cases properly before it. The moving party must show good cause to stay discovery.
>
> The filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion, nor does the right to discovery continue in light of a pending dispositive motion. The decision to stay a case pending ruling on a motion to dismiss must be made on a case by case basis. A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue, such as a challenge to plaintiff's standing. The court gives greater consideration to motions to stay discovery where the matter involves particularly complex issues. The court also will weigh the timeliness of the request.

*Id.* at *2 (internal quotation marks and citations omitted). "A party has no right to a stay, and the party seeking a stay bears the burden of proving that the Court should exercise its discretion in staying the case." *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009).

Applying these principles here, the Court finds that Defendant has not met its burden of showing good cause for a total stay of discovery. Defendant argues that its motion to dismiss involves a "threshold" issue related to forum or venue, and that discovery will not facilitate resolution of that issue. While both points are true, the more relevant factor here is that a ruling in Defendant's favor on the threshold issue will not resolve this litigation. It will simply require that the litigation proceed in state rather than federal court. Defendant points out that if the Court grants the motion to dismiss, this case will be resolved in a different court, which will reduce the burden on this Court. But the Court's "paramount obligation" is not to avoid the normal burden associated with a case, but rather to "to exercise jurisdiction timely in cases properly before it." *Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108, at *2; *see Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) ("[W]hen considering a request for a stay, courts should be mindful of the Supreme Court's admonition, stated repeatedly by the Court of Appeals for the Seventh Circuit, that federal courts have a 'virtually unflagging obligation' absent 'exceptional

2

circumstances' to exercise jurisdiction when a case is properly before it.") (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976), and *R.R. Street & Co., Inc. v. Vulcan Materials Co.,* 569 F.3d 711, 715 (7th Cir. 2009)). Defendant has not argued that venue in this Court is *improper*; only that the forum selection clause in the contract requires venue in a different forum. That issue is one of convenience, which does not raise any challenge to the validity of proceeding before this Court. *See Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.,* 571 U.S. 49, 55-59 (2013).

Defendant argues that Plaintiff will not be prejudiced by a stay because he cannot dispute that litigating in Newton County is just as convenient for him as litigating before this Court. But that argument goes to the merits of the motion to dismiss. The prejudice to Plaintiff insofar as the motion to stay is concerned is that discovery will be delayed in a case that is bound to go forward––either here or in state court—regardless of the ruling on Defendant's motion to dismiss. Which brings the Court to the crux of the matter. Defendant argues that it "bargain[ed] with [Plaintiff] for an exclusive state-court venue," which, according to Defendant, "includes an agreement to state-court discovery rules and standards." [DE 19 at 3-4]. Defendant argues it will lose the benefit of its bargain if it is required to conduct discovery while the case is pending before this Court.

To begin with, Defendant's benefit-of-the-bargain theory assumes it will prevail on the merits issue of whether Plaintiff was required by the forum-selection clause to have filed this case in Indiana state court. That issue has not yet been decided. Any prejudice Defendant might experience from having to conduct some discovery in federal court could have been avoided altogether with clearer contact language. Defendant bears at least some responsibility for agreeing to contract language that is susceptible to dispute. The Court is not prejudging the merits of the

motion to dismiss but merely pointing out that both sides have arguments in their favor and the Court cannot say which party is likely to prevail on it.[1]

Ultimately, Defendant's arguments all depend on the proposition that "the time spent resolving [the] [forum-selection clause] issue will not prejudice any party." [DE 30]. In fact, however, a stay until the forum issue is resolved does prejudice Plaintiff, by "bring[ing] resolution of the dispute to a standstill." *Cole v. Int'l Sch. Of Ind., Ind.*, 1:20-cv-2201-TWP-MG, 2021 WL 1338860, at *1 (S.D. Ind. Apr. 9, 2021) (internal quotation marks and citation omitted) (where ruling on defendant's motion to dismiss would not end the case because at least one claim would survive, and discovery would be similar, a stay of discovery was not warranted). A stay is not likely to simplify this case and a stay will not reduce the burden of litigation on the parties. *See Am. Senior Communities, LLC v. Burkhart,* No. 1:17-CV-03273-TWP-DML, 2019 WL 415614, at *3 (S.D. Ind. Feb. 1, 2019). The Court must balance these factors against the prejudice Defendant claims it will incur if discovery is allowed to proceed, i.e., an abstract assertion that it "bargained for" state court discovery rules. Defendant has not cited any authority for the proposition that a contractual forum-selection clause also establishes an absolute contractual right to all discovery being conducted in the chosen forum. Nor has Defendant pointed to any differences

---

[1] Defendant's reply brief accuses Plaintiff of improperly arguing the merits of the motion to dismiss in opposing a stay, without recognizing that it also made merits arguments in its opening brief. In any event, the relative merits to the underlying motion to dismiss is not altogether irrelevant to the question of whether a stay should be granted. *See, e.g., Gookins v. Cnty. Materials Corp.*, No. 1:19-CV-867-JPH-MJD, 2019 WL 3282088, at *1 (S.D. Ind. July 18, 2019) ("Defendants have not met their burden of persuading the Court that the chance of their motion to dismiss being granted in its entirety outweighs the interest in moving this matter forward."); *Webb v. Ginn Fin. Servs.*, No. 3:09-CV-516-J-34JRK, 2010 WL 11519408, at *2 (M.D. Fla. Dec. 15, 2010) ("The court need not, in effect, decide the motion to dismiss in order to gauge whether the motion to stay should be granted; however, it is necessary for the [c]ourt to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." (internal quotation marks and citations omitted)).

between Indiana's discovery rules and the Federal Rules of Civil Procedure from which it could be inferred that proceeding with discovery under the Federal Rules until such time when and if the case is dismissed in favor of a state court forum will prejudice Defendant. The Court will closely monitor discovery and entertain any requests to put off discovery that may not be necessary in the event Defendant's motion to dismiss is successful.

In short, Defendant has not articulated any actual prejudice, undue burden, or expense that proceeding with discovery in this forum would impose on him. The Court's review of the complaint, which describes an employment dispute centered on pay and commissions, suggests that discovery will not be overly complex or extremely costly and burdensome. *See Cole*, 2021 WL 1338860, at *2. "The interests of efficiency and economy in litigation are, in the Court's view, best served by moving cases along. This Court has the duty to 'secure the just, speedy, and inexpensive determination of every action and proceeding,' *see* Fed. R. Civ. P. 1. [Defendant] has not made a compelling case that staying the case would serve that purpose." *Am. Senior Communities, LLC,* 2019 WL 415614, at *3.

For the stated reasons, Defendant's Motion To Stay Discovery **[DE 18]** is **DENIED**. Further, the parties are **DIRECTED** to submit a revised discovery schedule on or before August 30, 2023.

So ORDERED this 10th day of July, 2023.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
