UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| BRIAN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:23CV108-PPS/JPK |
| | ) | |
| FRONTIERSMEN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Brian Davis was hired by agribusiness defendant Frontiersmen, Inc. as General Manager in the summer of 2020. [DE 1 at ¶3, 4.] The parties executed a Confidential Employment, Non-Competition, Non-Disclosure and Non-Solicitation Agreement establishing and governing the employment relationship. [DE 1 at ¶3.] Believing that Frontiersmen had not lived up to their bargain, Davis resigned on November 8, 2022. [DE 1 at ¶7.] He brings this lawsuit alleging that Frontiersmen is liable to him for breach of contract (Count I), violations of Minnesota's Payment of Wages Act (Counts II and III), and promissory estoppel (Count V), and seeking a declaratory judgment that the non-solicitation clause of their agreement is unenforceable (Count IV). [DE 1.]

The issue presently before me has nothing to do with the merits of the dispute but instead *where* the dispute should be conducted. Relying on a forum selection clause in the parties' agreement, Frontiersmen's seeks to have the case resolved in state court. To that end, Frontiersman has filed a motion to dismiss both on Rule 12(b)(6) grounds

and under the doctrine of *Forum Non Conveniens*. [DE 20.]   Here's what the forum selection clause in the parties' agreement says:

> **7.2 Court Proceedings**
> Any action or litigation to enforce an arbitration award rendered pursuant to Section 7.2, shall be brought only and exclusively in the Circuit or Superior Court situated in Newton County, Indiana and the Parties consent to the exclusive jurisdiction of such courts for any such action or litigation.

[DE 1-1 at 14.]

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atlantic Marine Constr. Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49, 60 (2013). The motion before me correctly invokes *forum non conveniens*. [DE 20 at 1.]  To the extent that the motion invokes Fed.R.Civ.P. 12(b)(6), it does so in error.  "[P]re-*Atlantic Marine* Seventh Circuit case law explicitly held that a Rule 12(b)(6) motion was *not* the proper procedural mechanism for enforcing a forum-selection clause." *Contract Svcs. Group, LLC v. E&E Mfg. of Tenn., LLC*, Cause No. 2:22-CV-66-JPK, 2023 WL 2682262, at *4 (Mar. 29, 2023 N.D.Ind.) (Kolar, M.J.).

Applying the *forum non conveniens* doctrine generally requires a court to engage in a balancing of "the convenience of the parties and various public-interest considerations" to determine whether "a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atlantic Marine*, 571 U.S. at 581, quoting 28 U.S.C. §1404(a).  But the calculus is simplified where there is a valid forum selection clause.  In such a case, the parties have expressed their own

2

interests in the agreed-to provision, and the court "should not consider arguments about the parties' private interests" and "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id*. at 64.  That leaves only the public interest factors, which "will rarely defeat a transfer motion," with "the practical result that forum-selection clauses should control except in unusual cases." *Id*.  Is this an unusual case?  The forum selection language is unusual, and I next turn to the question of interpreting it.

      Federal jurisdiction over this dispute is based on diversity of citizenship, so that I must apply the "substantive law of the state in which the district court sits." *Wachovia Securities, LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751 (7th Cir. 2012), citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Choice of law generally is considered a substantive rather than procedural matter subject to state law. *Wachovia Securities*, 674 F.3d at 751.  But there is a wrinkle: As the Seventh Circuit has noted, "the majority of federal circuits hold 'that the enforceability of a forum selection clause implicates federal procedure and should therefore be governed by federal law.'" *Jackson v. Payday Financial, LLC*, 764 F.3d 765, 774 (7th Cir. 2014), *quoting Wong v. PartyGaming Ltd.*, 589 F.3d 821, 827 (6th Cir. 2009).  Nevertheless, the Seventh Circuit, has "taken a different approach," holding that the "'validity and meaning of a forum selection clause, in a case in which interests other than those of the parties will not be significantly affected by the choice of which law is to control" should be determined "'by reference to the law of the jurisdiction whose law governs the rest of the contract in which the clause appears.'"

3

*Jackson*, 764 F.3d at 774-75, quoting *Abbott Laboratories v. Takeda Pharmaceutical Co.*, 476 F.3d 421, 423 (7th Cir. 2007).  *See also Contract Svcs. Group*, 2023 WL 2682262 at *11.

Under Indiana law, forum selection clauses are enforceable if they are "reasonable and just under the circumstances" and in the absence of evidence of fraud, overreaching or other indication that the clause was not freely negotiated. *Farm Bureau Gen. Ins. Co. of Mich. v. Sloman*, 871 N.E.2d 324, 329 (Ind.Ct.App. 2007).  The dispute in this case involves interpretation of the clause's confusing reference to arbitration.  Section 7.2 of the parties' agreement applies forum selection to "[a]ny action or litigation to enforce an arbitration award rendered pursuant to Section 7.2." But Section 7.2 is the forum selection clause, not an arbitration clause, and the agreement in fact contains no provision for arbitration.  So the reference to an arbitration award is nonsensical.

Does that mistaken reference to arbitration take the whole sentence with it, or could the sentence be read to contain a missing comma that would make it applicable to all types of action?  The latter construction would provide that:  "Any action[,] or litigation to enforce an arbitration award rendered pursuant to Section 7.2," shall be brought in the courts of Newton County.  This is Frontiersmen's argument, that the provision overall clearly represents an intent to select Newton County as a forum, and should be read to apply to "any action" as well as to "any…litigation to enforce an arbitration award" so as to give meaning to both "action" and "litigation."  [DE 21 at 6-

4

7.] Davis contends that Section 7.2's application is limited to litigation to enforce an arbitration award. [DE 26 at 5, 9.]

The matter is not free from doubt in these unusual circumstances, but I think the better reading of Section 7.2 is that it applies broadly to "any action." Both sides argue that the opponent's construction renders contract language meaningless. [DE 22 at 7; DE 26 at 6.] "Generally, the courts should presume that all provisions included in a contract are there for a purpose and, if possible, reconcile seemingly conflicting provisions to give effect to all provisions." *Indianapolis-Marion County Public Library v. Shook, LLC*, 835 N.E.2d 533, 541 (Ind.Ct.App. 2005). *See also City of Washington v. Daviess County Rural Water System, Inc.*, 91 N.E.3d 585, 595 (Ind.Ct.App. 2017). Davis's reading would render the entirety of Section 7.2 a nullity by limiting it to a type of action that cannot exist because the parties have not agreed to subject any disputes to arbitration.

This does more violence to the parties' agreement than Frontiersmen's interpretation, which ignores only the impossible "litigation to enforce an arbitration award" but preserves forum selection for "any action." To read Section 7.2's references to "any action" and "litigation to enforce an arbitration award" as describing two separate types of lawsuit is consistent with the principles that "[w]hen we interpret a contract, we review the contract as a whole to ascertain the intent of the parties and construe the language of the contract so as not to render any words, phrases, or terms ineffective or meaningless." *Symons v. Fish*, 158 N.E.3d 352, 360 (Ind.Ct.App. 2020).

5

Section 7.2 is generally captioned "Court Proceedings," and treats no subject other than the venue for litigation between the parties. The mandatory language of the forum selection provision – "only and exclusively in the Circuit or Superior Court situated in Newton County" and "the Parties consent to the exclusive jurisdiction of such courts" – also suggests too strong an agreement to construe it as a nullity. For the agreement to contain this provision at all represents a clear intent to litigate in the chosen forum, and limiting that intention to a type of litigation that cannot arise between the parties based on their agreement makes no sense.

Looking elsewhere in the agreement for references to litigation, I find that Section 7.1 ("Negotiation") requires attempts at informal dispute resolution for "any dispute arising out of or relating to this Agreement or the termination, breach, or validity of this Agreement." [DE 1-1 at 14.] If within 10 days such negotiations fail to "resolve the dispute," then "any Party at any time thereafter may proceed to litigation." [*Id*.] In that context, immediately prior to Section 7.2, the term "litigation" is obviously not limited to arbitration enforcement but is instead used with a broad meaning to encompass any disputes concerning Davis's employment with Frontiersmen. That the very next paragraph of the agreement addresses forum selection for litigation between the parties supports my reading that Section 7.2 is intended to encompass all actions arising out of the agreement.[1]

---

[1] Davis suggests that Frontiersmen's argument is so unreasonably broad that the provision would fail to indicate "whether it applies to Plaintiff, or even to any action *between the parties*." [DE 26 at 7.] I find this argument entirely unpersuasive, almost frivolous, as it would divorce Section 7.2 entirely from its context within the agreement between these parties.

Neither party asserts that Section 7.2 is ambiguous, and both acknowledge that the provision is flawed and could have been better drafted. It certainly would have been easier for me if the parties had included a single comma after the word "action" in Section 7.2. Nevertheless, I am responsible for construing the terms of the contract, and find that the forum selection provision is best interpreted to apply the agreement's selection of the courts of Newton County broadly, including to this case. I agree with Frontiersmen that this interpretation "does the most justice to the contract as a whole" and that "in the absence of an actual arbitration provision in the agreement, the fact that the parties identified Newton County as the preferred venue has to mean more than nothing, which is what Davis says it means." [DE 29 at 1-2.]

Given my determination that the forum selection clause applies to this action, the analysis returns to the *forum non conveniens* question whether public interest factors overcome its application. Davis has attempted to cast this burden on Frontiersmen [DE 26 at 11], but Davis bears the burden: "the party acting in violation of the forum-selection clause...must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Atlantic Marine*, 571 U.S. at 67. And the hurdle is high "because those factors will rarely defeat a transfer motion." *Id*. at 64. Davis offers no argument to "prove the public interest factors alone counsel against dismissal." *Nulogy Corporation v. Menasha Packaging Company, LLC*, No. 22-1583, __ F.4th __, 2023 WL 5010784, at *4 (7th Cir. Aug. 7, 2023).

ACCORDINGLY:

Defendant Frontiersmen, Inc.'s Alternative Rule 12(b)(6) and *Forum Non Conveniens* Motions to Dismiss [DE 20] is GRANTED on *forum non conveniens* grounds, and the case is DISMISSED WITHOUT PREJUDICE.

**SO ORDERED**.

ENTERED: August 22, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT